[Civ. No. 65854. Second Dist., Div. Three. Dec. 8, 1982.]

PENTHOUSE INTERNATIONAL, LTD., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RANCHO LA COSTA, INC., et al., Real Parties in Interest.

**COUNSEL**

Paul, Hastings, Janofsky & Walker, Grutman Miller & Greenspoon, Geoffrey L. Thomas and Carl W. Shapiro for Petitioners.

John H. Larson, County Counsel, and Lester J. Tolnai, Deputy County Counsel, for Respondent.

Phillips, Nizer, Benjamin, Krim & Ballon, Buchalter, Nemer, Fields, Chrystie & Younger and John A. Dito for Real Parties in Interest.

**OPINION**

**LUI, Acting, P. J.**—Real parties in interest[1] were plaintiffs in a libel suit against petitioners Penthouse International, Ltd., and Robert C. Guccione. After a lengthy jury trial resulting in a defense verdict, defendants filed a statement of disqualification pursuant to Code of Civil Procedure section 170 against Kenneth W. Gale, the judge who had presided over the trial. The statement of objection to Judge Gale was filed almost two months after the May jury verdict and only a couple of days before the July 9 hearing on the motion for

---

[1]Real parties in interest are Rancho La Costa, Inc.; La Costa Land Company; La Costa Management Company; La Costa Community Antenna System, Inc.; Paradise Homes, Inc.; Merv Adelson and Irwin Molasky.

new trial. Judge Gale struck the disqualification statement and proceeded to make various rulings, including granting a new trial as to plaintiffs Adelson and Molasky. Petitioners seek relief by way of writ of mandate and/or prohibition to direct the superior court to vacate the order striking the statement of objections to the qualification of Judge Gale to hear the motion for new trial and to enter a new and different order transferring the matter to another judge pursuant to Code of Civil Procedure section 170, subdivision (e).[2]

### Procedural History

While the jury trial in the libel action was proceeding, defendants believed they had discovered ground for disqualification of the trial judge. On March 24, 1982, defendants filed a notice of motion for mistrial alleging judicial misconduct. There were extensive supporting papers. They filed a petition for extraordinary relief in the California Supreme Court on April 13, 1982. That court transferred the matter to the Court of Appeal, and Division 2 of this court denied that petition May 17, 1982. (2 Civ. 65154.)[3] That petition, seeking a mistrial and immediate disqualification of the trial judge, relied on substantially the same allegations of misconduct by the trial court as are alleged in the petition now before us.

After the jury verdicts in favor of defendants, plaintiffs filed a motion for new trial. Thereafter, in a stipulation for an extension of time for the motions for new trial, for motion regarding judgment notwithstanding the verdict, and for the motion to tax and/or strike costs, counsel for the parties stipulated in writing that "[t]he hearing of the motions for new trial, for judgment notwithstanding the verdict, and to tax and/or strike costs, *shall be held before Judge Gale* in Department A of the Los Angeles County Superior Court, South

---

[2]On July 23, 1982, this division denied the petition filed July 12, 1982, stating, "[a]t the time when petitioners were aware of the facts constituting the basis for the claimed disqualification of the trial judge, petitioners expressly stipulated that 'The hearing of the motion for new trial . . . shall be held before Judge Gale . . . .'" On August 25, 1982, the California Supreme Court granted the petition for hearing and retransferred the petition to this court with directions to issue an alternative writ of mandate. The Supreme Court's order specifically directed us to compare *In re Marriage of Lemen* (1980) 113 Cal.App.3d 769 [170 Cal.Rptr. 642] and *In re Morelli* (1970) 11 Cal.App.3d 819 [91 Cal.Rptr. 72] with the amended version of Code of Civil Procedure section 170. (Stats. 1981, ch. 255, § 1.)

[3]In a letter dated and filed May 14, 1982, defendant's counsel wrote to the Court of Appeal, stating that the jury had returned defense verdicts so that the specific relief sought by the petition would appear to be unnecessary and the cause moot. The letter continued "therefore, without waiving or otherwise abandoning the contentions made in the above-referenced petition, petitioners wish to withdraw that petition from further consideration by this Court. Petitioners therefore respectfully request that the proceeding be dismissed without prejudice at this time."

Central District, located at 200 West Compton Boulevard, Compton, California, at 10 a.m. on July 9, 1982." (Italics added.) That stipulation was dated June 9, 1982.

Notwithstanding the stipulation, as noted above, defendants filed a statement of objection to qualification of Judge Gale to hear the motion for new trial. The proof of service for the statement of objection is dated July 6, 1982; it was stamped filed on July 7, 1982. On July 8, 1982, Judge Gale struck the motion for disqualification. He ruled as follows: "[I]t appearing to the court that the grounds for the motion and supporting papers are substantially the same as the motion heretofore previously filed in the within court and previously denied and substantially the same as in the Writ heretofore filed in the within matter in the Supreme Court of the State of California and transferred by that court to the District Court of Appeal, 2nd Appellate District for decision and thereafter abandoned and requested to be dismissed by defendants; it further appearing that said motion is not timely nor does same state proper or any legal grounds for relief: [¶] IT IS HEREBY ORDERED that said motion be and is striken."

Thereafter, the trial court granted new trial motions as to two of the plaintiffs and made further discovery orders. We understand that since that date, on August 2, 1982, "[b]y nomination of and at the direction of the Presiding Judge, David N. Eagleson, and due to the congestion and administrative reasons, the within matter [Rancho La Costa v. Penthouse International] [was] transferred and assigned, forthwith, to the Honorable Jack E. Goertzen, Judge presiding in Department 21, in the Los Angeles County Courthouse, in its entirety and for all purposes, save and except the matters of contempt heretofore initiated against defense counsel, . . . ."

*Petitioners' Contentions*

Petitioners contend that Code of Civil Procedure section 170, as amended by the California Legislature in 1981, prohibits a judge whom a party has sought to disqualify from ruling upon the legal sufficiency of the disqualification statement and from "striking" the statement and proceeding to hear and rule upon a series of pending motions. Petitioners further contend that the subsequent actions and orders of the judge who has so ruled are void as a matter of law and that the judge should be disqualified as a matter of law.[4]

---

[4]Petitioners also contend that a judge does not have jurisdiction to make the posttrial discovery order on the additional grounds that the discovery bears no relationship to any pending motion, is not intended to preserve evidence for use at a subsequent trial and has been ordered without any proper showing of relevance.

*Discussion*

*Questions of Law and Fact Concerning a Judge's
Disqualification Pursuant to Code of Civil
Procedure Section 170 Should Be Heard by
Another Judge*

■ Code of Civil Procedure section 170 sets forth grounds for disqualification of judges.[5] Subdivision (a)(5) provides: "No justice or judge shall sit or act as such in any action or proceeding: . . . [¶] (5) When it is made to appear probable that, by reason of bias or prejudice of such justice or judge a fair and impartial trial cannot be had before him." Subdivision (b) permits the judge to disqualify himself or herself. Subdivision (c) provides for a situation where the judge "neglects or fails to declare his disqualification . . . ." In that case, a party may file a written statement objecting to the hearing of such matter or the trial of any issue of fact or law in such action or proceeding before such judge, setting forth the fact or facts constituting the ground of disqualification. Subdivision (d) provides that the judge within 10 days of the filing of such statement or service thereof may file a consent that the action or proceeding be tried before another judge or may file a written answer admitting or denying any or all of the allegations contained in such statement and setting forth any additional fact or facts material or relevant to the question of his disqualification. Subdivision (d) also provides: "The statement of a party objecting to the judge on the ground of his disqualification, shall be presented *at the earliest practicable opportunity,* after his appearance and discovery of the facts constituting the ground of the judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such judge." (Italics added.)

Subdivision (e) provides: *"No judge against whom a statement of objection or disqualification has been filed pursuant to this section, shall hear or pass upon any question of fact or law concerning his disqualification or the statement of objection or disqualification filed against him;* but in every such case, *all such questions concerning the judge's disqualification shall be heard and determined by some other judge* agreed upon by the parties who shall have appeared in the action or proceeding, or, in the event of their failing to agree, by a judge assigned to act by the Chairman of the Judicial Council, and, if the parties fail to agree upon a judge to determine such questions of fact and law pertaining to the disqualification, within five days after the expiration of the time allowed herein for the judge to answer, it shall be the duty of the clerk then to notify the Chairman of the Judicial Council of that fact; and it shall be the duty of the Chairman of the Judicial Council forthwith, upon receipt of notice from the clerk, to assign some other judge, not disqualified, to hear and determine such

---

[5]Unless otherwise indicated, all references are to the Code of Civil Procedure.

questions and each of them." (Italics added.) Subdivision (f) provides that if the judge admits disqualification, files written consent that the action be tried before another judge, or fails to file an answer within the ten days allowed, or if after hearing it is determined that the judge is disqualified, "the action or proceeding shall be heard and determined by another judge or justice not disqualified, who shall be agreed upon by the parties, or, in the event of their failing to agree, assigned by the Chairman of the Judicial Council; provided, however, that when there are two or more judges of the same court, one of whom is disqualified, the action or proceeding may be transferred to a judge who is not disqualified."

Prior to the 1981 amendment to section 170,[6] (Stats. 1981, ch. 255, § 1), the case law held that when a trial judge received a motion for reassignment based on disqualification for cause under then existing section 170, subdivision (5), that judge may strike those papers "when all that said papers contain are: conclusions; references to copious transcripts without citation to specific excerpts; allegations of facts not pertinent or appropriate to the issues to be determined in the hearing; material not legally indicative of bias or prejudice, . . .; judicial reactions based on actual observance in participation in legal proceedings; and references to circumstances so inconsequential as to be no indication whatsoever of hostility and nonprobative of any bias or prejudice. [Citations.]" (*In re Morelli, supra,* 11 Cal.App.3d 819, 843-844, a case that summarizes much of the law then existing regarding sufficiency of the showing in the moving papers. See also *In re Marriage of Lemen, supra,* 113 Cal.App.3d 769, 789-790.)

The amended subdivision (e) of section 170 by its very terms prohibits a judge against whom a statement of objection has been filed to "hear or pass upon a statement of fact or law concerning his disqualification or the statement of objection." The sufficiency of the declaration, which the original judge could hear under *Morelli* and *Lemen,* must now clearly be referred to another judge.

We must go one step further in this case, however, and decide whether the amendments to section 170 also preclude the original judge from hearing such threshold questions as the timeliness of the disqualification statement and the

---

[6]The Legislature in 1981 amended section 170 by recasting the section into subdivisions (a) to (j); retaining former paragraphs (1) to (5) under subdivision (a), deleting designations for subdivisions (6) and (8), and setting out former subdivision (7) as subdivision (a)(6). The amendment further substituted the present introduction to subdivision (e) for the previous introduction which had read: "No judge who shall deny his disqualification, shall hear or pass upon the question of his own qualification; but in every case . . ."; the amendment also substituted in subdivision (e) "determine such questions of fact and law pertaining to disqualification, within five days" for "determine the question of the disqualification within five days" and substituted at the end of subdivision (e) "determine such questions and each of them" for "determine the question." (Historical Note, 13 West's Ann Codes Civ. Proc. (1982 ed.) § 170, p. 303.)

validity and effect of a stipulation that designated the challenged judge to hear the matter.[7] We believe the Legislature through its 1981 amendments, effective January 1, 1982, intended to prevent a judge challenged for cause from ruling on even these threshold questions. As stated in the Bill Digest on Assembly Bill No. 2154, which became the amendments to section 170, "proponents argue that in order to insure both propriety and the appearance of propropriety [*sic*], no judge, including those from single judge courts, should make a ruling on *any* matter dealing with his or her disqualification."

Similarly, in a letter to the Governor by the author of the bill, the author wrote: "Current law establishes a procedure for challenging a judge who may be prejudiced against a party or his attorney or otherwise disqualified to hear a case, and requires that an impartial judge decide the issue. However, a quirk in the law allows the challenged judge to make a preliminary determination that the challenge is wholly without merit, reject it as a matter of law, and proceed to hear the underlying case. [¶] A.B. 2154 will close this loophole by expressly requiring that all questions of law and fact regarding a motion to disqualify a judge for cause are heard and decided by another judge." The State Bar of California issued a statement concerning Assembly Bill No. 2154. After describing current case law that permitted the challenged judge to rule upon legal sufficiency of the pleading and then strike it, the State Bar observed, "[t]his anomalous case law creates substantial potential for impropriety and for the appearance of impropriety. It permits a challenged judge to totally avoid the disqualification hearing and, in essence, to rule upon his disqualification, thereby leaving the party purporting to be aggrieved to the uncertain remedy of a perogative writ. This is precisely the situation which the statement on its face is intended to prevent. The proposed amendment eliminates the anomaly and requires that all issues concerning disqualification for cause be determined by another judge . . . . Only if *such impartial judge* deems the statement of disqualification to be legally sufficient need he proceed to the factual hearing. The litigant will receive at least one consideration of his petition for disqualification from a judge other than the one challenged." (Italics in original.)

While we recognize the potentiäl for delay and obstruction in using these procedures,[8] we are bound by the procedural rules established by the Legislature.

[7] Regarding stipulations, we note that subdivision (a)(3) of section 170 states that if the parties or counsel sign and file "a stipulation in writing waiving the disqualification mentioned in this subdivision [regarding relation to the parties in various ways] or in subdivision 2 [in which the judge is 'interested as a holder or owner of any capital stock of a corporation . . .'] or 4 [where the judge has been counsel, has given advice, or has been retained as an attorney for any party within two years] hereof, the judge or court may proceed with the trial or hearing and the performance of all other duties connected therewith with the same legal effect as if no such disqualification existed." There is no similar section on stipulations for subdivison (5) regarding bias or prejudice of a judge when a fair and impartial trial cannot be had before him.

[8] Such potential was, of course, also present in the previous law. Any disruptive litigant can always attempt to abuse the system through repetitive, unwarranted motions.

We leave to the Legislature and to the trial courts, through appropriate sanctions and remedies that they might devise, the correction of abuses that might arise from repeated and unwarranted efforts to disqualify judges pursuant to section 170.

In the case at bench, the trial court judge should have filed a consent or an answer pursuant to section 170, subdivision (d);[9] and the issues relating to the disqualification should have been heard by a judge selected pursuant to section 170, subdivisions (e) and (f). Real parties in interest argue that, even if the wrong procedures were followed and Judge Gale should not have heard the challenge, this court should deny the petition since, as a matter of law, a second judge would have to find the statement of disqualification was untimely filed and/or the stipulation to have Judge Gale hear the motion for new trial is binding on the parties. While our initial glance at those issues favors the view of real parties in interest, the return to the petition is unverified so the factual basis for the untimeliness defense is not properly before us.[10] Similarly, while the stipulation may appear to be binding and dispositive, there may be factual reasons why it is not. (See 1 Witkin, Cal. Procedure, (2d ed. 1970) Attorneys, §§ 124-141, pp. 137-153.)

Since the case must be returned to the superior court for procedures in accordance with Section 170, subdivisions (d) through (g), we set forth the order in which the new judge should examine the issues presented. Timeliness of the statement must be considered; if it was not presented "at the earliest practicable opportunity," which certainly appears at this point to be arguable, none of the other issues need be reached. If the statement was timely filed, the trial court will reach the issue of the validity and effect of the stipulation. If the stipulation is not binding, it can then consider the legal issue of whether the allegations in the statement of disqualification constitute adequate legal grounds. If they do, the court can then decide the verity of the allegations. Counsel for petitioner conceded at the oral argument that (1) a decision favorable to plaintiff on any of the first three issues will result that the order granting a new trial will stand; and (2) that if the fourth issue is reached but (a) no disqualification is found, there is nothing to keep Judge Gale from making a new order for a new trial; moreover, (b) if Judge Gale is found disqualified, the court will not be precluded from

---

[9]We note that Judge Gale has filed an answer, to be considered only if his original ruling striking the disqualification statement does not stand. Petitioners argue that the filing of the answer somehow evidences a bias that, in itself, precludes Judge Gale from hearing this case even if a new judge finds the disqualification statement is untimely or otherwise without merit. We disagree. We believe that the filing of his answer furthers judicial economy in the event the striking of the disqualification statement is set aside.

[10]Counsel for real parties in interest attempted to file a verification signed by counsel after oral argument. We did not grant their motion to file this document.

hearing and ruling on the motion for new trial with another judge sitting. (Cf., § 661.)[11]

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order of July 8, 1982, in Los Angeles Superior Court No. C124901, entitled Rancho La Costa, Inc., et al. v. Penthouse International, Ltd., et al., striking the motion for disqualification of the trial court judge, and to make a new and different order transferring the matter to another judge pursuant to section 170, subdivision (e). The stay order issued July 12, 1982, shall remain in effect until 60 days from the date this opinion is filed.

Potter, J., and Danielson, J., concurred.

Petitions for a rehearing were denied January 5, 1983, and the petition of real parties in interest and the application of petitioners for a hearing by the Supreme Court were denied February 2, 1983.

---

[11]Despite this concession, the trial court can consider the impact of the time limits in sections 660 and 661 in deciding if the statement of disqualification was filed in a timely manner.