[No. G005089. Fourth Dist., Div. Three. Apr. 14, 1987.]

HELENE HOLLINGSWORTH et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondents;
COUNTY OF ORANGE et al., Real Parties in Interest.

**COUNSEL**

Harry Lerner, Richard Herman, John Hagar and Paul Hoffman for Petitioners.

No appearance for Respondent.

Adrian Kuyper, County Counsel, and Edward N. Duran, Deputy County Counsel, for Real Parties in Interest.

OPINION

**SONENSHINE, J.**—Petitioner s filed the underlying lawsuit on January 2, 1987, seeking injunctive and declaratory relief.[1] On January 27, defendant County of Orange was served and the other defendants were served on January 30.

An application for a temporary restraining order was filed by the petitioners and served on the counsel for real parties in interest. A hearing on the application commenced on February 13 in department 22 of superior court. It was continued until the 17th when the petitioners filed a supplemental brief. Over petitioners' objection, and without ruling on the merits, department 22 transferred the matter to juvenile court. The minute order reads: "Court finds proper forum for Temporary Restraining Order is at Juvenile Court and hereby transfers this matter to Juvenile Court."

On February 19, the parties appeared in juvenile court. An application for a temporary restraining order was given to the clerk in department A where Judge Lamoreaux presides. Judge Lamoreaux assigns each case either to herself or to one of the available judges or commissioners. Petitioners had also prepared a Code of Civil Procedure section 170.3, subdivision (c)(1)[2] motion to disqualify Judge Lamoreaux for cause but decided not to file it unless she assigned the case to herself. The petitioners' counsel asked the clerk to tell Judge Lamoreaux he wished to know, *before* any rulings were made, whether she would hear the matter.

However, the matter was not heard that day because Judge Lamoreaux decided it had been improperly calendared. It was agreed to trail the matter until the next afternoon. Petitioners, believing the matter was only *pending* in department A until assignment, did not file the motion to disqualify.

The next day, before Judge Lamoreaux took the bench, petitioners' counsel again spoke with the clerk, asking he be notified, before any rulings

---

[1]The introduction to the complaint states it "is brought to put an end to illegal policies, practices, and conditions in the Juvenile Hall which cause the injury and degradation of troubled and vulnerable children entrusted to Defendants' care."

[2]All statutory references are to the Code of Civil Procedure.

were made, if she was going to assign the case to herself. The court summoned counsel into chambers and began to discuss the application. Petitioners' counsel immediately interrupted and asked Judge Lamoreaux to recuse herself. When she declined, he served her with the previously prepared motion.[3] Claiming it should have been filed the day before, Judge Lamoreaux rejected the motion as untimely.[4] Petitioners seek a writ reversing the February 20 ruling and ordering the court to proceed with the motion for disqualification pursuant to section 170.3, subdivision (c).

Section 170.1 sets forth the grounds for disqualifying a judge for cause. Section 170.3 outlines the applicable procedures for determining those challenges.

Real parties in interest argue we should, for several reasons, dismiss the request for writ relief. ■ First, they allege the written statement filed with the clerk was not verified as required by section 170.3, subdivision (c)(1).

We note this objection was not made below. Moreover, we find the statutory requirements have been fulfilled. The statute provides "any party may file with the clerk a written verified statement objecting to the hearing or trial before the judge and setting forth the facts constituting the grounds for disqualification of the judge. . . ." (§ 170.3, subd. (c)(1).) In other words, the statement must be verified, it must object to the judge's participation in the proceedings, and it must state the reasons for the objection.

The petitioners filed a "motion to disqualify for cause her Honor Betty Lou Lamoreaux, presiding judge of the juvenile court," pursuant to section 170.3, subdivision (c)(1). The "Plaintiff object[ed] to hearing before the Honorable Betty Lou Lamoreaux . . . pursuant to Code of Civil Procedure section 170.3(c)(1) [and] moved to disqualify Her Honor . . . ." It was made "on the basis of the arguments and evidence adduced here, all of the court's records, and other such evidence as may be admitted . . . ." The motion delineated the reasons for the objection. Although the verification form attached to the motion was not executed, the attorney's declaration, alleging the basis

---

[3]The motion to disqualify for cause alleges Judge Lamoreaux: (1) "[I]s a percipient witness to events which have no other witnesses except the Defendants' agents." (2) Has advised the defendants "[o]n at least three occasions [and] Defendants have admitted relying upon Her Honor's advice in other proceedings involving the same issues." (3) Is a putative party. "In the antecedent federal action, Defendants asserted that the Presiding Judge of the Juvenile Court is an indispensable party . . . ." (4) Is a director of a party. ". . . Her Honor bears statutory responsibility for the appointment and removal of two of the named defendants [both deputy probation officers]."

[4]The court has retained jurisdiction over the matter but there has not yet been a hearing or ruling on the merits of petitioners' application for a temporary restraining order.

for the objections, was executed under penalty of perjury. (§ 2015.5.) We find this sufficient.

Section 170.3 outlines the following statutory scheme. If a judge determines himself or herself to be disqualified, he or she shall notify the presiding judge. (§ 170.3, subd. (a)(1).) There will be no further participation by this judge absent a waiver by the parties. (§ 170.3, subd. (b)(1).) If a judge who should disqualify himself or herself refuses to do so any party may object to the judge's continued participation. (§ 170.3, subd. (c)(1).) Once objection has been made, the judge has three options. He or she may: (1) "request any other judge agreed upon by the parties to sit and act" (§ 170.3, subd. (c)(2)); (2) within 10 days of the objection, "file a consent to disqualification" (§ 170.3, subd. (c)(3)); or (3) file "a written verified answer admitting or denying any or all of the allegations . . . ." (*Ibid.*) Failure to take any action within 10 days will be deemed a consent to disqualification. (§ 170.3, subd. (c)(4).)

If the court consents to disqualification under subdivision (c)(3) or (c)(4), the presiding judge will appoint a replacement in the event the parties cannot agree upon one. If the court responds, the parties have five days to agree upon a substitute. If unable to agree within that period, the clerk will notify the Judicial Council of the need for a selection. (§ 170.3, subd. (c)(5).)

 Real parties contend the petitioners' writ is also defective because it was filed before 10 days had elapsed from the filing of their motion; the motion was filed February 20, giving Judge Lamoreaux until March 2 to respond, but the petitioners' writ was filed on February 26.

Real parties fail to appreciate the statute's plain language. The 10-day period set forth in section 170.3, subdivision (c)(3), is allotted to the challenged judge to consent to the disqualification or deny the allegations in the statement "relevant to the question of disqualification." (§ 170.3, subd. (c)(3).) Judge Lamoreaux could not consent or answer; she struck the statement of disqualification. Therefore, there was no need for the petitioners to wait 10 days to seek relief.

 Petitioners initially claim the timeliness of the statement of disqualification should have been determined by a different judge.[5] However, their citation to *Penthouse International, Ltd.* v. *Superior Court* (1982) 137 Cal.App.3d 975 [187 Cal.Rptr. 535] is inapposite. *Penthouse* construed former

---

[5]Real parties argue Judge Lamoreaux thought the petitioners' motion was brought pursuant to section 170.6. However, the February 20th minute order reads: "[m]otion by plaintiffs' counsel pursuant to C.C.P. Section 170.3(c)(1) denied as the court found said motion to be untimely." Section 170.3 clearly pertains only to section 170.1 statements of disqualification.

section 170, concluding the section by its terms prevented "a judge challenged for cause from ruling on even these threshold questions." (*Id.,* at p. 981.) However, section 170 was repealed and the challenge for cause format was codified in section 170.3. At that same time, the Legislature added section 170.4, subdivision (b), which reads: "Notwithstanding paragraph (5) of subdivision (c) of Section 170.3, if a statement of disqualification is untimely filed or if on its face it discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken." Judge Lamoreaux therefore had statutory authority to determine the timeliness issue.[6] The question remaining is whether her decision was correct.

 "The statement [of disqualification] shall be presented at the earliest *practicable* opportunity after discovery of the facts constituting the ground for disqualification." (§ 170.3, subd. (c)(1), italics added.) As noted by the petitioners, they "realized that the motion would be not only superfluous, but insolent and offensive, unless Judge Lamoreaux did actually assign the case to herself for hearing." Our examination of the record indicates sufficient grounds existed for petitioners to have reasonably believed Judge Lamoreaux had not assigned the matter to herself for decision until the parties were called into her chambers on the 20th. That became the earliest practicable opportunity to present the challenge for cause.

When the parties arrived in department A on the 19th, the transcript reveals the court acknowledged the presence of both counsel, but stated no one had cleared the matter with the clerk. Consequently, the court knew nothing of the attempted ex parte motion, stating, "We don't even have the file. . . . I haven't read anything, and I am not ready to hear it today, *nor is anybody else.* I will give you a date. You can come back tomorrow, if you wish." (Italics added.) The matter was then trailed until the next afternoon. There was no specific indication Judge Lamoreaux would hear the temporary restraining order motion rather than "anybody else."

On the 20th, counsel were called into chambers. Although there is no transcript of those proceedings, it appears the request to have Judge Lamoreaux recuse herself was made immediately. Counsel recalled they "were summoned into chambers, Your Honor said a few words and I interrupted —respectfully, I hope—to ask Your Honor to recuse yourself." On the record, the court replied that was correct.[7]

---

[6]To the court's credit, it was apparently the only one aware of the code section.

[7]"Mr. Lerner: And at some point subsequently Your Honor did indicate that you looked favorably on the underlying motion, but I just wanted to be clear that I sought to disqualify Your Honor before I had any indication of the substantive ruling.

"The Court: That's probably correct. I don't argue with that fact. . . ."

During argument in open court thereafter, and after receipt of the motion to disqualify, the court stated it thought it had made clear, on the 19th, it would personally hear the matter on the 20th. In particular, in ruling the motion was untimely, the court stated, "I indicated [on the 19th] that I would read the moving papers by today, be ready to hear it at 1:30." However, comparison of the two transcripts does not bear out the court's certainty as to assignment of the case.

The request for recusal was made before Judge Lamoreaux announced her tentative decision in chambers. There is no factual basis for not additionally concluding this was the first indication the court would hear the matter on its merits. As such, counsel did present the disqualification statement at the "earliest *practicable* opportunity." (§ 170.3, subd. (c)(1), italics added.) We find it unreasonable, as well as impracticable, to require presentation of a statement of disqualification until it is known which judge will hear the case. In light of the latitude accorded the timeliness of a statement of disqualification, we find the ruling under the above circumstances improper and conclude the motion was timely filed as a matter of law.[8]

Petitioners were asked to request a peremptory writ and did so. Real parties were invited to respond.[9] The issuance of an alternative writ would add nothing to these proceedings. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-179 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the court to vacate its order of February 20, 1987, striking the statement of disqualification as untimely. The statement of disqualification will be deemed filed and served as of the date the court's order is vacated. The court and the parties will then proceed pursuant to section 170.3, subdivision (c), as outlined herein.[10] This opinion is made final forthwith. (Cal. Rules of Court, rule 24(d).)

Trotter, P. J., and Crosby, J., concurred.

---

[8]The timeliness of the disqualification motion is essentially unchallenged by real parties who state they raise "the issue of timeliness solely as to when this writ was filed in this [the appellate] court" and concede "a motion made pursuant to Section 170.3 is generally always timely."

[9]Real parties requested additional time for briefing in response to issues raised by the petitioners in a supplemental brief. However, we will not rule prematurely on the merits of the underlying action. Further briefing is not required.

[10]As we have reversed the court's order, we decline to consider sanctions against the petitioners as requested by real parties.