Filed 10/15/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B250350 |
|    Plaintiff and Appellant, | (Super. Ct. No. 1421891) |
| v. | (Santa Barbara County) |
| JEFFREY COWEN LIND et al., | |
|    Defendants and Respondents. | |

Penal Code section 995, subdivision (a)(2)(A) requires the trial court to set aside an information if the defendant is not legally committed by a magistrate.[1] Section 859b requires a preliminary hearing to be held within 60 days of the entry of a not guilty plea unless time has been personally waived by the defendant. Here, we determine that a defendant's motion to disqualify the magistrate for cause tolls the time limit for a preliminary hearing.

The People appeal the trial court's order granting Jeffery Cowan Lind's and Dee Thomas Murphy's motion to set aside an information that charges them with conspiracy to commit perjury and perjury. (§§ 182, subd. (a)(1) & 118, subd. (a).) The People contend the motion to disqualify the magistrate suspended the time limit in

---

[1] All further statutory references are to the Penal Code, unless otherwise noted. All references to section 995 are to subdivision (a)(2)(A).

section 859b and that the trial court erred by setting aside the information. Lind and Murphy claim they never waived their constitutional right to a speedy trial and argue that section 859b unequivocally requires the information to be dismissed. We reverse the order granting the motion to set aside the information.

*FACTS AND PROCEDURAL HISTORY*

On July 24, 2012, a felony complaint was filed jointly charging Respondents with one count of conspiracy to commit perjury and one count of perjury. It was also alleged that the crimes were committed after Respondents posted bail and were released from custody. (§ 12022.1, subd. (b).) Respondents have been at liberty since posting bail in the instant case.

The case was assigned to Judge Dandona. On July 26, 2012, she appointed counsel to represent Respondents and on August 16, 2012, Respondents entered pleas of not guilty. Respondents did not waive their right to a speedy trial on the day they entered their pleas or at any time thereafter. Neither Lind nor Murphy ever asked the court for severance.

At the request of Murphy's counsel, a preliminary hearing was calendared for August 30, 2012. On August 27, 2012, Murphy's counsel requested a continuance of the preliminary hearing that, although opposed by the prosecutor, was granted. The preliminary hearing was continued to September 13, 2012.

On August 27, 2012, Murphy filed a motion to recuse the prosecutor assigned to the case on the ground that he had an improper ex-parte communication about this case with the judge who supervises the court's criminal division. On August 30, 2012, Murphy's counsel filed a request to disqualify Judge Dandona for cause. (Code Civ. Proc., § 170.1, subd. (a)(6)(iii).) Murphy alleged that a reasonable person might believe Judge Dandona could not be impartial because he named her as a "party" in a document filed in proceedings directly related to the pending perjury charges. On September 10, 2012, Judge Dandona filed her written response to the

2

challenge for cause, asserting she could impartially manage the case against Respondents.

Judge Jeffrey Bennett of the Ventura County Superior Court was appointed to determine the request for disqualification which he granted. The ruling was served on October 9, 2012 and on October 11, 2012 the matter was reassigned to Judge George Eskin – 42 days after Murphy filed his motion to disqualify Judge Dandona. Judge Eskin set the preliminary hearing and the motion to recuse the prosecutor for hearing on October 25, 2012.

On October 25, 2012, Murphy's counsel requested a continuance of the preliminary hearing and his motion to recuse the prosecutor to give him time to file a reply to the response filed by the Attorney General to the recusal motion. The dialog between the court and counsel about this request for a continuance included a discussion of the timeliness of the preliminary hearing. The prosecutor indicated that he believed Murphy's statement of disqualification for cause of Judge Dandona "stayed the proceedings" and said a continuance to November 7, 2012, was acceptable. The court then acceded to the request of both sides and continued the motion and the preliminary hearing to November 7, 2012.

On November 7, 2012, the court denied the motion to recuse and denied the Respondents' oral motion to set aside the information based upon a violation of section 859b. After considering the oral and documentary evidence, Judge Eskin held Respondents to answer to the information.

On February 6, 2013, pursuant to section 995, Murphy moved to set aside the information based upon the prosecutor's failure to have a preliminary hearing within 60 days. The People opposed the motion on the ground that the delay could "be attributed in its entirety [to] the defendants'" motions to disqualify the trial judge and to recuse the prosecutor and to their various requests for a continuance. Citing *People v. Kowalski* (1987) 196 Cal.App.3d 174 and *Curry v. Superior Court* (1977) 75 Cal.App.3d 221, the People argued "there is an exception to the absolute time period"

3

for defendants who challenge the assigned judge for cause and thus "prevent the hearing of the preliminary hearing."

On June 6, 2013, the trial court granted Respondents' section 995 motion and dismissed the information. The court noted that neither statutory nor decisional law tolls or suspends the statute that states a preliminary hearing must be held within 60 days after the defendant enters a plea. The court also refused to impute to Respondents delays caused by their counsels' various requests for a continuance.

*DISCUSSION*

*The Right to a Timely Preliminary Hearing*

Section 859b states: "Both the defendant and the [P]eople have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later . . . . [¶] Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, plea, . . . and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either of the following occur: [¶] (a) The defendant personally waives his or her right to preliminary examination within the 10 court days. (b) The prosecution establishes good cause for a continuance beyond the 10-court-day period. [¶] For purposes of this subdivision, "good cause" includes, but is not limited to, those cases involving allegations that a violation of one or more of the sections specified in subdivision (a) of Section 11165.1 or in Section 11165.6 has occurred and the prosecuting attorney assigned to the case has another trial, preliminary hearing, or motion to suppress in progress in that court or another court. Any continuance under this paragraph shall be limited to a maximum of three additional court days. [¶] If the preliminary examination is set or continued beyond the 10-court-day period,

4

the defendant shall be released pursuant to Section 1318 unless:  [¶]  (1) The defendant requests the setting of continuance of the preliminary examination beyond the 10-court-day period.  [¶]  (2) The defendant is charged with a capital offense in a cause where the proof is evident and the presumption great.  [¶]  (3) A witness necessary for the preliminary examination is unavailable due to the actions of the defendant.  [¶]  4) The illness of counsel.  [¶]  (5) The unexpected engagement of counsel in a jury trial.  [¶]  (6) Unforeseen conflicts of interest which require appointment of new counsel.  [¶]  *The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2, unless the defendant personally waives his or her right to a preliminary examination within the 60 days.*"  (Italics added.)

### Exceptions to Section 859b

"We interpret statutes with the object of ascertaining and effectuating the Legislature's intent.  [Citation.]  'In determining such intent, we begin with the language of the statute itself.  [Citation.]  That is, we look first to the words the Legislature used, giving them their usual and ordinary meaning.'  [Citation.]"  (*People v. Standish* (2006) 38 Cal.4th 858, 869.)  ""If the words of the statue are clear, the court should not add to or alter them to accomplish a purpose that does not appear on [its] face . . . .'"  [Citation]"  (*People v. Mackey* (1985) 176 Cal.App.3d 177, 184.)

In *In re Samano* (1995) 31 Cal.App.4th 984, we noted exceptions that temper the "absolute" rule requiring a defendant to be released if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment or plea.  (*Id.*, at p. 990.)  The exceptions are based upon "constitutional principles and principles affecting the administration of justice."  (*Ibid.*)  Some appear in the statute and decisional law creates others.  (*Ibid.*; *Ng v. Superior* Court (1992) 4 Cal.4th 29, 38 [the 10-day rule applies only to persons in custody solely by reason of the charges that

are the subject of the preliminary hearing]; *People v. Kowalski*, *supra*, 196 Cal.App.3d at p. 179 [where a defendant asserts both his right to a preliminary hearing within 10 court days and his right to effective counsel, the constitutional right prevails]; *Curry v. Superior Court*, *supra*, 75 Cal.App.3d at p. 226 [when a defendant's mental competence to be self-represented and the need to resolve the issue within the 10-day court rule are in conflict, the right of self-representation prevails].)

Although the 60-day rule is also stated as an absolute, the clearly stated legislative purpose of section 859b is not served if the 60-day mandate is construed in a manner that permits a defendant to divest the court of jurisdiction to hold a preliminary hearing and at the same time complain that his or her preliminary hearing was not held "at the earliest possible time."

After Murphy filed his motion to disqualify Judge Dandona pursuant to Code of Civil Procedure section 170.1, subdivision (a)(6)(A)(iii), she had no power to act in this case until the question of her disqualification was determined. (*Id.*, § 170.4, subd. (d).) "[T]he filing of a sufficient statement has the effect of temporarily suspending the challenged judge's jurisdiction in order to permit him to file his answer to such statement and to have the matter of his disqualification thereupon determined by another judge. The said judge may after the hearing thereof determine that the challenged judge is not disqualified, in which event the latter's jurisdiction is reinstated. . . . . In the present case Judge Callaghan was ousted of jurisdiction temporarily when the statement was filed, and lost jurisdiction permanently when he did not file an answer to the statement within the mandatory five-day limit. [Citations.] Accordingly, Judge Callaghan being so disqualified, he totally lacked power to hear and determine the instant cause, and therefore the superior court had no jurisdiction to act while said judge sat therein. [Citation.]" (*Oak Grove School Dist. of Santa Clara County v. City Title Ins. Co.* (1963) 217 Cal.App.2d 678, 706.)

Code of Civil Procedure section 583.450, subdivision (a) mandates that

6

"[i]n computing the time within which an action must be brought to trial . . ., there shall be excluded the time during which . . . [t]he jurisdiction of the court to try the action was suspended."  Although the Code of Civil Procedure does not specifically apply to criminal proceedings, its common sense principles do.  It is absurd to construe section 859b to mean the 60-day time limit for a preliminary hearing continues to run when the magistrate is powerless to conduct the hearing because of a motion filed by the defendant.

A defendant's constitutional right to a speedy preliminary hearing is not infringed by the suspension of the 60-day rule for the time it takes to resolve that defendant's challenge to the impartiality of the judge assigned to his or her case.  The efficient administration of criminal justice is not served by the construction urged by Respondents because it would empower defendants to delay filing a disqualification motion until shortly before the 60-day period is scheduled to expire.  If the remaining time were insufficient to permit the magistrate to answer and to have the matter heard by another judge, the magistrate would be forced to consent to disqualification or allow the case to be dismissed.

*People v. Mackey*, *supra*, 176 Cal.App.3d 177 does not require a different outcome.  There, the People argued that the 60-day period was suspended during the period of the defendant's waiver of the 10-day limit.  The court rejected the contention, noting "section 859b makes no mention of suspension of the running of the 60-day period.  In clear, unambiguous language the final paragraph of section 859b . . . states that the complaint *shall* be dismissed if the preliminary examination is set more than 60 days from the arraignment or plea . . . ."  (*Id.*, at p. 183.)  But *Mackey* does not address and is not authority for the proposition that a motion filed by the defendant that temporarily *divests* the court of jurisdiction to hold a preliminary hearing does not temporarily suspend the 60-day limit.

*Severance on the Court's Own Motion*

Lind claims that he did not join in Murphy's motion to disqualify Judge

7

Dandona and contends he was entitled to have his preliminary hearing within 60 days whether Murphy was or not. Lind argues the trial court, on its own motion, should have severed his preliminary hearing to preserve his statutory right to a preliminary hearing within 60 days. We disagree.

First, Lind's counsel announced at the hearing on Murphy's motion to recuse the prosecutor that "we're joining [Murphy's] disqualification motion of your honor" and then agreed to a continuance of the recusal motion and the preliminary hearing. Second, Lind never asked the court to sever the charges and proceed with a preliminary hearing as to him alone.

"Section 954 governs joinder and severance, providing in pertinent part: "An accusatory pleading may charge . . . two or more different offenses of the same class of crimes or offenses, under separate counts . . . provided, that the court in which a case is triable, in the interests of justice and for good cause shown, may in its discretion order that the different offenses or counts set forth in the accusatory pleading be tried separately . . . ." Lind's "failure to move to sever the counts at trial forfeited any claim that the trial court abused its discretion in denying severance." (*People v. Rogers* (2006) 39 Cal.4th 826, 850-851; see *People v. Maury* (2003) 30 Cal.4th 342, 392; *People v. Hawkins* (1995) 10 Cal.4th 920, 939-940.) "[T]he trial court had no statutory duty to order severance on its own motion. (*Rogers*, *supra*, at p. 851.)

*People v. Ramos* (2007) 146 Cal.App.4th 719, addresses the question of whether a waiver by two of three defendants to continue a preliminary hearing beyond the 60-day limit of section 859b permits an order denying a timely preliminary hearing for the third defendant who refuses to waive time. As in *Mackey*, *Ramos* does not address the effect of a motion by a codefendant that suspends the trial court's ability to act. Here, Lind forfeited his claim that the trial court had a duty to sever his preliminary hearing by not objecting to the suspension of proceedings against him and by not asking the trial court to sever the pending charges and to assign the matter for a

8

preliminary hearing before another magistrate.

CONCLUSION

The judgment of dismissal is reversed and remanded for further proceedings.

CERTIFIED FOR PUBLICATION.


BURKE, J.*


We concur:


YEGAN, Acting P. J.


PERREN, J.

---

\* (Judge of the Superior Court of San Luis Obispo County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

Clifford Anderson III, Judge
George C. Eskin, Judge
Jean Dandona, Judge

Superior Court County of Santa Barbara
_____

Joyce E. Dudley, District Attorney of Santa Barbara, Brian J. Cota, Deputy District Attorney for Plaintiff and Appellant.

Raimundo Montes De Oca, Public Defender, J. Jeff Chambliss, Chief Trial Deputy for Defendant and Respondent Jeffrey Cowen Lind.

Dwyer + Kim LLP, Jin H. Kim for Defendant and Respondent Dee Thomas Murphy.