[No. A027100. First Dist., Div. Five. Dec. 30, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
GEORGE BARRETT MACKEY, Defendant and Respondent.

[No. A027270. First Dist., Div. Five. Dec. 30, 1985.]

GEORGE BARRETT MACKEY, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

John K. Van de Kamp, Attorney General, Eugene W. Kaster, Ann K. Jensen and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Appellant and Real Party in Interest.

James R. Jenner, Public Defender, Stephen H. Gimber, Richard Zimmer and Allan Hymer, Assistant Public Defenders, for Defendant and Respondent and Petitioner.

No appearance for Respondent.

OPINION

HANING, J.—In number A027100 of these consolidated proceedings the People appeal an order dismissing an information filed against defendant George Barrett Mackey for failure to hold a preliminary examination within the 60 day period required by Penal Code section 859b.[1] A prior information charging the same offense was previously dismissed for other reasons.

---

[1]Penal Code section 859b provides, in pertinent part: "At the time the defendant appears before the magistrate for arraignment, if the public offense is a felony to which the defendant has not pleaded guilty . . . the magistrate, immediately upon the appearance of counsel . . . shall set a time for examination of the case . . . . [¶] Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right . . . the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later. [¶] Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination

In number A027270 defendant petitions for relief by prohibition and/or habeas corpus, seeking dismissal of a third complaint filed by the People following the superior court's order dismissing the second information.

We affirm the order of dismissal in number A027100, concluding that the failure to hold the preliminary examination within the 60-day period prescribed by section 859b requires that the complaint be dismissed. We grant relief in number A027270 as required by section 1387 which generally provides, with certain exceptions not applicable here, that felony charges dismissed prior to trial may be re-filed only once.

The first information, charging defendant with the murder of his wife, was dismissed due to irregularities causing a deprivation of due process at the preliminary examination: the People failed to comply with a discovery order by not disclosing the statement of the principal witness and the questionable circumstances under which it was obtained. The People then refiled the charge in a second complaint, upon which a preliminary examination was held, over defendant's objection, beyond the 60-day period set forth in section 859b. He was held to answer and a second information was filed in superior court. The superior court granted defendant's motion to dismiss under section 995 due to the failure to hold the preliminary examination within the statutory time. The People then re-filed the charge in a third complaint, and also filed the instant appeal from the superior court's order dismissing the second information.

### THE PEOPLE'S APPEAL

On January 4, 1984, defendant pled not guilty to the second complaint. At that time his attorney stated: "If time is not waived, defendant has the right to a preliminary examination within ten days, and what Mr. Mackey is prepared to do at this point is waive that particular right, the right to a preliminary examination within ten court days of today, but no other rights and not acknowledge any other previous time waivers." The magistrate responded: *"What was waived, just to be clear for the record, is the right to a preliminary examination within ten days and no other rights,"* and continued the matter for 30 days at the request of defendant, who wanted time to seek a writ on other grounds not involved in these proceedings.

---

is set or continued beyond 10 court days from the time of the arraignment or plea and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either of the following occur: (a) The defendant personally waives his or her right to preliminary examination within the 10 court days. (b) The prosecution establishes good cause for a continuance beyond the 10-court day period. . . . [¶] *The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment or plea, unless the defendant personally waives his or her right to a preliminary examination within the 60 days."* (Italics ours.)

Unless otherwise indicated, all further statutory references are to the Penal Code.

On February 22, 1984, defendant asked the magistrate to set a date for the preliminary examination. He withdrew his waiver, entered January 4, of the 10-day period, and reminded the magistrate that by statute there is both a 10-day and a 60-day limit from the date a plea is entered.[2] The deputy district attorney inexplicably stated that the 60-day limit referred to the time for trial in the superior court.[3] The magistrate scheduled the preliminary examination for March 6, 1984. Defendant reiterated his intention not to waive the 60-day period, and pointed out that March 6 was not within 60 days of entry of plea, i.e., January 4. The magistrate replied: "Well, I have in mind the timing that once a gentleman is held to answer he must be arraigned in superior court within 10 days[4] and thereafter tried within 60. I'm sorry, *I'm not aware of a statutory rule of 60 days in this court. It doesn't mean it isn't there, just that I'm not aware of it.*" Defendant's attorney added: "As long as Mr. Mackey is not waiving any additional rights other than the 10-day rule that he previously waived and withdrew." The deputy district attorney made no objection to the March 6 date.

At his preliminary examination on March 6, defendant moved to dismiss on the basis the examination was scheduled more than 60 days after his entry of plea, in violation of section 859b. His motion was denied, the examination proceeded and he was held to answer. A second information charging defendant with the murder of his wife was filed thereafter. The superior court granted defendant's motion to dismiss under section 995 on the ground the preliminary examination was not held within the 60-day period required by section 859b.

██ The People contend section 1387 does not require dismissal if the preliminary examination is not held within the 60-day period, and also argue that the 60-day period is suspended during the period of any waiver of the 10-day limit. ██ When the issue is one of statutory construction, "a court's first recourse is properly to the language of the statute itself. [Citation.]" (*Owens* v. *Superior Court* (1980) 28 Cal.3d 238, 243 [168 Cal.Rptr. 466, 617 P.2d 1098].) The words must be interpreted "'according to the usual, ordinary import of the language employed in framing them.' [Cita-

---

[2]The time actually commences running from the date of the arraignment or the date a plea is entered, whichever occurs later. The latest possible date the 60-day period could have commenced to run in the instant case was the date defendant pled not guilty—January 4. (§§ 359b, 1387, subd. (a).)

[3]The deputy district attorney was apparently confusing the preliminary examination period in section 859b with the speedy trial period set forth in section 1382, subdivision 2.

[4]The magistrate was in error. The People have 15 days within which to file an information after a defendant has been held to answer. (§§ 860, 1382, subd. 1; *People* v. *Trujillo* (1977) 67 Cal.App.3d 547, 552 [136 Cal.Rptr. 672]; *People* v. *Ganger* (1950) 97 Cal.App.2d 11, 12 [217 P.2d 41].) The magistrate may have been referring to the 10-day period for lodging the reporter's transcript with the superior court. (§ 869.)

tion.]" (*People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 43 [127 Cal.Rptr. 122, 544 P.2d 1322].)

Like section 1382, which requires dismissal for failure to bring a case to trial within 60 days,[5] section 859b makes no mention of suspension of the running of the 60-day period. In clear, unambiguous language the final paragraph of section 859b, a paragraph separate from the 10-day limit paragraph, states that the complaint *shall* be dismissed if the preliminary examination is set more than 60 days from the arraignment or plea unless the defendant personally waives his right to a preliminary hearing within 60 days. The ordinary import of this language is that, excepting only his own waiver, a defendant has a right to a preliminary hearing within 60 consecutive calendar days from entry of plea or arraignment, whichever is later. Not only is such timing "consistent with the method of computing time which is ordinarily employed in this state. (See Code Civ. Proc., § 12.)" (*Owens* v. *Superior Court, supra,* 28 Cal.3d at p. 244), it is distinguished from the 10-day requirement which is specifically designated as "court" days. Had the Legislature intended a defendant's waiver of his 10-day right to stay or toll the 60-day period, it would have included conditional language in the statute. As the Supreme Court observed in construing section 1382, "Had the Legislature intended that the 60 days were to consist only of those days of delay *not* requested by the accused, it would surely have made explicit provision for such an adjustment." (*Owens* v. *Superior Court, supra,* 28 Cal.3d at p. 244, italics ours.)

The legislative history of this section supports the literal interpretation of the 60-day rule advanced by defendant. Section 859b states that both the defendant and the People have the right to a preliminary examination at the earliest possible time. Prior to 1980, the preliminary examination could not be continued beyond 10 days from the arraignment or plea if the defendant was in custody at the time of plea and did not personally waive his right to the examination within 10 days. (Stats. 1977, ch. 1152, § 1.) In 1980 the section was amended to allow postponement beyond 10 days if the prosecution established good cause for a continuance beyond the 10-day period. At the same time the 60-day limitation was imposed. Section 1387, subdivision (a) indicates that the preliminary examination may be extended beyond the 60-day period only for good cause. Neither the magistrate nor the

---

[5]Section 1382 provides, in pertinent part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed . . . . 2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information . . . except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter. . . ."

People in the instant case advanced or attempted to advance any good cause for the delay.[6] The Legislature's concern for delay is reflected by its enactment in 1980 of Assembly Bill 2383. (Stats. 1980, ch. 938.) This act was in response to *People* v. *Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651]. *Peters* construed former section 1385, which provided that a "court" could dismiss an action in furtherance of justice, as prohibiting magistrates from doing so. The Legislature amended section 1385 to permit magistrates, as well as courts, to grant such dismissals. ■ The 60-day limit acts to protect the defendant's right to a speedy preliminary examination by insuring him that, despite good cause for postponement beyond 10 days, the matter cannot be postponed indefinitely.[7] The 60-day limit also insures that criminal cases are expeditiously moved through the courts.

■ "'If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on [its] face . . . or from its legislative history.'" (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) ■ Adhering to this rule, we conclude the superior court had no choice other than to dismiss. Our conclusion is supported by dicta in *San Jose Mercury-News* v. *Municipal Court* (1982) 30 Cal.3d 498 [179 Cal.Rptr. 772, 638 P.2d 655]. "[A] preliminary hearing may be held as early as two days after arraignment. It must take place within 10 days after arraignment or plea unless the prosecution shows good cause or the defendant waives time. *In any event it must occur within 60 days after arraignment or plea unless defendant consents to further delay.*" (*Id.*, at p. 513, italics ours.) Defendant clearly did not consent to delay beyond the 60 days, and the superior court was required to grant his motion to dismiss.

### DEFENDANT'S PETITION

The People advance a narrow construction of section 1387[8] and argue that dismissal of the first information was not pursuant to section 995, nor in

---

[6]Since neither the magistrate nor the deputy district attorney were aware of the time requirements of section 859b, they obviously were unaware that any good cause exception was necessary.

[7]The People argue that if a waiver of the 10-day limit does not operate to toll the 60-day limit a defendant could delay until the last minute and then demand his preliminary examination within the 60-day period, thus putting the court and the prosecution at a disadvantage. The short answer is that the court can, and should, always schedule the date for the examination unless *all* time restrictions are waived. This should have been done on January 4, when defendant entered his plea. Both the magistrate and the People are obligated to have criminal matters set within the statutory times prescribed by the Legislature.

Even as of February 22, the examination could have been held in a timely fashion, but the court did not schedule preliminary hearings on certain days of the week. We appreciate the problems confronting busy trial courts, but the Legislature has established statutory requirements with which the courts must comply. (See, e.g., *Rhinehart* v. *Municipal Court* (1984) 35 Cal.3d 772 [200 Cal.Rptr. 916, 677 P.2d 1206]; *People* v. *Johnson* (1980) 26 Cal.3d 557 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

[8]Section 1387 provides in pertinent part: "An order terminating an action pursuant to this

furtherance of justice under section 1385, which defendant concedes are the only statutes listed in section 1387 which could apply on this record to the dismissal of the first information. Therefore, the People reason, they are not foreclosed from further prosecution under their third complaint because section 1387 bars only prosecutions which have been twice previously dismissed pursuant to the statutory authorities listed therein. We conclude the People are incorrect under either theory.

■ Section 995 requires that the information be dismissed whenever a defendant has "not been legally committed by a magistrate" or has "been indicted without reasonable or probable cause." ■ If a defendant has been denied a substantial right at his preliminary examination he has not been legally committed under section 995. (*Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 874 [59 Cal.Rptr. 440, 428 P.2d 304]; *Herbert* v. *Superior Court* (1981) 117 Cal.App.3d 661, 665 [172 Cal.Rptr. 850, 19 A.L.R.4th 1276]; *DeWoody* v. *Superior Court* (1970) 8 Cal.App.3d 52, 55 [87 Cal.Rptr. 210].) ■ The People contend that since dismissal of the first complaint was not due to insufficiency of the evidence, no substantial right was involved. Their position is contrary to existing law. ■ Denial of cross-examination is a deprivation of a substantial right, rendering a holding order unlawful. (*Jennings* v. *Superior Court, supra,* at pp. 877-880; *Priestley* v. *Superior Court* (1958) 50 Cal.2d 812, 818-820 [330 P.2d 39]; *Alford* v. *Superior Court* (1972) 29 Cal.App.3d 724, 727-730 [105 Cal.Rptr. 713].)

■ In spite of a discovery order which required them to disclose statements of all witnesses, the People failed, prior to defendant's first preliminary examination, to provide defendant with a statement taken from the principal witness against him. They also failed to disclose that the witness had been hypnotized. Consequently, defendant was unable to effectively cross-examine the witness during the preliminary examination, or present evidence of the hypnosis to the magistrate. (See, e.g., *Priestley* v. *Superior Court, supra,* 50 Cal.2d 812 [failure to disclose identity of informant which prevented effective cross-examination required dismissal under section 995]; *Alford* v. *Superior Court, supra,* 29 Cal.App.3d 724 [denial of cross-examination for purposes of impeachment constitutes denial of substantial right]; see also *Davis* v. *Alaska* (1974) 415 U.S. 308 [39 L.Ed.2d 347, 94 S.Ct. 1105] [denial of cross-examination about witness' juvenile record, for

---

chapter, or Section 859b, 861, 871, or 995, is a bar to any other prosecution for the same offense if it is a felony . . . and the action has been previously terminated pursuant to this chapter, or Section 859b, 861, 871, or 995 . . . . [¶] However, if the previous termination was pursuant to Section 859b, 861, 871, or 995, the subsequent order terminating an action is not a bar to prosecution if: [¶] (a) Good cause is shown why the preliminary examination was not held within 60 days from the date of arraignment or plea."

purposes of impeachment, held to violate Sixth Amendment right of confrontation].)

Defendant did not discover the withholding of the witness statement until jury selection had commenced pursuant to the first information. At that time he filed motions to dismiss under sections 995 and 1382.[9] Both motions were denied and he petitioned this court for relief. Our unpublished decision on that matter rejected defendant's position on section 1382, but granted relief on the basis of the People's failure to disclose the witness statement, which we concluded deprived defendant of due process. We stated, "The appropriate remedy is to set aside the information. The People will be entitled, by action with deliberate speed *within the constraints of section 1387,* to bring the charge against Mackey to a second preliminary examination." (Italics added.) We then ordered issuance of a writ directing the trial court "to take no further action herein other than to set aside the information and dismiss the charges." The People cite *People* v. *Crudgington* (1979) 88 Cal.App.3d 295, 299 [151 Cal.Rptr. 737] and *People* v. *Manson* (1976) 61 Cal.App.3d 102, 168 [132 Cal.Rptr. 265] for the proposition that the resolution of a motion under section 995 does not permit an evidentiary hearing. They argue that the failure to reveal the witness statement was outside the record, and thus not appropriate for section 995 relief. The People misconstrue the state of the record. The discovery order was a matter of record, as well as the fact that disclosure was not made until the second day of jury selection. Both the trial court and this court may take judicial notice of the record herein. (Evid. Code, §§ 452, 459.) Furthermore, the failure to disclose was undisputed; there were no contested issues of fact for the trial court to resolve. Consequently, the first dismissal was proper under section 995.[10]

Section 1387 also bars further prosecution if the first information was dismissed pursuant to section 1385, which authorizes dismissal "in furtherance of justice." We do not deem sections 1385 and 995 to be mutually exclusive under these circumstances. ■ To determine whether a dismissal is in furtherance of justice " '. . . requires consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People . . . .*' " (*People* v. *Orin* (1975) 13 Cal.3d 937, 945 [120

---

[9]Section 1382 generally provides for dismissal of criminal actions for failure to comply with certain time restrictions.

[10]Following the issuance of our writ to the superior court it ordered the first information dismissed pursuant to section 995. However, prior to the hearing of the section 995 motion to the second information the People successfully moved the court to change its earlier order, nunc pro tunc, to reflect that dismissal of the first information was "pursuant to Court of Appeal." We did not directly address the issue in our previous opinion, since it was not necessary to our decision, but our statement that the People were constrained by section 1387 put them on notice that the dismissal counted as a section 1387 dismissal.

Cal.Rptr. 65, 533 P.2d 193], italics in original.) "At the very least, the reason for dismissal must be 'that which would motivate a reasonable judge.'" (*Ibid.*) Justice requires that defendant be granted a fair hearing in accordance with due process of law. It also requires that the People obey, follow and comply with court orders issued to insure the orderly and constitutional conduct of criminal proceedings. ██ Their failure to do so in this case was without excuse or explanation. The detriment to appellant was obvious—critical evidence which was required to be produced and was necessary for effective cross-examination was unlawfully concealed and withheld not only from the defendant, but also from the committing magistrate. The failure to disclose the witness' statement operated as a deprivation of due process requiring that the charges be dismissed. The People's contention that only the trial court, in the exercise of its discretion, can dismiss in furtherance of justice is incorrect. ██ The exercise of the trial court's discretion is subject to review. (§ 1238, subd. (a)(8); *People* v. *Watson* (1983) 146 Cal.App.3d 12 [193 Cal.Rptr. 849]; *People* v. *Jordan* (1978) 86 Cal.App.3d 529 [150 Cal.Rptr. 334]; *People* v. *Davis* (1971) 20 Cal.App.3d 890 [98 Cal.Rptr. 71].) When that discretion can be exercised in only one manner, it constitutes an abuse of discretion to fail to rule accordingly. (*Westside Community For Independent Living, Inc.* v. *Obledo* (1983) 33 Cal.3d 348, 355 [188 Cal.Rptr. 873, 657 P.2d 365]; *Martin* v. *Cook* (1977) 68 Cal.App.3d 799, 807 [137 Cal.Rptr. 434].) ██ ██ ██ ██ The fact that due process and existing precedent compelled us to direct the trial court to dismiss the information does not affect the reason for the dismissal, nor render it any less in furtherance of justice.[11]

██ Except as restricted by the Constitution, the Legislature has the authority to define criminal offenses, establish penalties and prescribe rules of procedure. (*People* v. *Tanner* (1979) 24 Cal.3d 514, 519, fn. 3 [156 Cal.Rptr. 450, 596 P.2d 328]; *Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 765 [150 Cal.Rptr. 785, 587 P.2d 227]; *In re Lynch* (1973) 8 Cal.3d 410, 414 [105 Cal.Rptr. 217, 503 P.2d 921]; *People* v. *Knowles* (1950) 35 Cal.2d 175, 181 [217 P.2d 1]; *People* v. *Guthrie* (1983) 144 Cal.App.3d 832, 844 [193 Cal.Rptr. 54].) Absent constitutional mandates, we may not intrude on that legislative function and interfere with statutory time and filing requirements.

In number A027100 the judgment is affirmed.

In number A027270 let a peremptory writ issue commanding the municipal court, sitting as magistrate, to take no other action herein other than to

---

[11]Under the circumstances of the instant case, due process required disclosure even without the discovery order. (*Brady* v. *Maryland* (1963) 373 U.S. 83 [10 L.Ed.2d 215, 83 S.Ct. 1194]; *People* v. *Ruthford* (1975) 14 Cal.3d 399 [121 Cal.Rptr. 261, 534 P.2d 1341].)

vacate its order denying defendant's motion to dismiss complaint number 34138, and enter a new order granting said motion and discharging defendant from custody pursuant to said complaint.

Low, P. J., and King, J., concurred.

A petition for a rehearing was denied January 21, 1986, and appellant's petition for review by the Supreme Court was denied April 17, 1986. Lucas, J., and Panelli, J., were of the opinion that the petition should be granted.