Filed 9/15/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CARLOS MENDOZA,<br><br>     Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>     Respondent;<br><br>THE PEOPLE,<br><br>     Real Party in Interest. | A173171<br><br>(San Francisco City & County Super. Ct. No. 24020828) |

Section 859b of the Penal Code[1] governs a defendant's so-called "speedy preliminary hearing" rights and mandates dismissal of a felony complaint if the preliminary examination is set or continued more than 60 days from the date of an arraignment or plea, whichever is later, unless the defendant personally waives such time limit.  Here, Carlos Mendoza petitions for writ of mandate or prohibition seeking dismissal of an information against him because his preliminary hearing occurred more than 60 days from the date of his arraignment and plea to the *original* complaint, even though the hearing occurred within 10 court days from the date of his arraignment and plea to an *amended* complaint.

---

[1]    All further undesignated statutory references are to the Penal Code.

Although Mendoza's petition is now moot, we exercise our discretion to address the unresolved legal question whether an arraignment or plea on an amended complaint restarts the statutory 60-day period for holding a preliminary hearing.  Considering the language and purpose of section 859b and its place in the overall statutory scheme governing the amendment, dismissal, and refiling of complaints, as well as case law emphasizing the absolute nature of the 60-day limit, we conclude that where, as here, a defendant does not personally waive the limit when being arraigned or entering a plea on an original complaint, an arraignment or plea that is necessitated by an amended complaint does not restart a new 60-day period for purposes of section 859b.

### FACTUAL AND PROCEDURAL BACKGROUND

#### A.  Arraignment and Plea on the Original Complaint

On November 8, 2024, the People filed a felony complaint charging Mendoza with second degree robbery (§ 211, count 1) and assault with force likely to cause great bodily injury (§ 245, subd. (a)(4), count 2).  The People further alleged great bodily injury enhancements (§ 12022.7, subd. (a)) as to both counts and circumstances in aggravation.

At his arraignment on November 12, 2024, Mendoza pled not guilty to the charges.  Mendoza—who was not in custody—waived his section 859b right to a preliminary hearing within 10 court days, but he did not waive his section 859b right to a preliminary hearing within 60 days.

#### B.  Arraignment and Plea on the Amended Complaint

The following events all took place in 2025.  Just before the end of the 60-day period, the People filed a motion on January 9 to amend the complaint based on recent discovery.  Specifically, the People sought to add allegations that counts 1 and 2 were committed for the benefit of, at the direction of, and

2

in association with a criminal street gang to promote, further, and assist criminal conduct by gang members (§ 186.22, subd. (b)(1)), and also to add a third count for participation in a criminal street gang (§ 186.22, subd. (a), count 3).

The trial court asked if the defense had concerns about including the new allegations as part of the preliminary hearing. Defense counsel indicated the new allegations were "not insignificant," as they added a decade or so of exposure for defendant. Counsel also needed to review 500 new pages of discovery that the People had just produced on or around January 7. Counsel then expressed concern that he was not "qualified" under local bar association protocols to represent defendants charged with serious felonies.

The trial court initially indicated it was not inclined to allow the amendment because the preliminary hearing was set for the "59th day." But based on *Garcia v. Superior Court* (2020) 47 Cal.App.5th 631 (*Garcia*), the court ultimately agreed with the People that the statutory time periods under section 859b would restart upon an arraignment on an amended complaint making new substantive allegations. Defense counsel stated for the record that Mendoza would not waive time and requested a preliminary hearing within the 60-day period. After the court permitted filing of the amended complaint, Mendoza waived formal arraignment and pled not guilty to the charges. The court then recalculated the section 859b time limits, informing Mendoza of his right to a preliminary hearing within 10 court days and 60 calendar days of his amended pleading. The court set the preliminary hearing for January 23.

On January 10, the trial court granted defense counsel's request to continue representing Mendoza and appointed another attorney in a "supervisorial role." When counsel orally moved for a preliminary hearing on

3

that day or dismissal of the amended complaint pursuant to the statutory 60-day limit, the court deferred consideration of the issue.

Thereafter the defense filed a motion to dismiss, which was heard and denied by the trial court on January 23. In sum, the court concluded the section 859b time limits restart when an amended pleading includes material amendments, so long as the amendments are not prompted by gamesmanship or an improper purpose. Here, the court was satisfied that the People did not act improperly in amending the complaint. The defense then requested a one-day continuance of the preliminary hearing, which the court granted.

## C. The Preliminary Hearing and Motions to Dismiss

The preliminary hearing took place on January 24. At the start of the hearing, the trial court denied Mendoza's reassertion of his motion to dismiss. After hearing the preliminary hearing evidence, the court held Mendoza to answer. The People filed the information on February 10. On February 18, the court arraigned Mendoza on the information, and Mendoza pled not guilty to all counts and denied all the allegations. Mendoza thereafter filed a motion to dismiss pursuant to section 995, in which he again sought dismissal based on the violation of section 859b's 60-day limit. The court denied the motion to dismiss.

## D. The Instant Writ Petition

Mendoza filed this petition for writ of mandate or prohibition seeking an order directing the trial court to dismiss the matter for violation of the 60-day limit. After ordering and considering the People's informal opposition to the writ petition, we issued an order to show cause why the requested relief should not be granted. The People filed a return to the order to show cause, and Mendoza deemed his reply to the informal opposition as his reply.

4

The People have informed us that the case underlying this writ proceeding (case no. 24020828) was dismissed on August 14, 2025, as the charges in the information were duplicative of the charges in an indictment filed under another case number (case no. 25016077).  Such dismissal renders this petition moot, as there is no other remedy we can provide.  (See *Landrum v. Superior Court of Los Angeles County* (1981) 30 Cal.3d 1, 6 (*Landrum*) [violation of the right to a timely preliminary hearing under section 859b requires dismissal pursuant to section 995].)  That said, the issue presented—whether an arraignment and/or plea to an amended complaint can restart the 60-day time limit—is an important one that is capable of repetition yet tends to evade review.  As such, we exercise our discretion to decide it.  (*In re Webb* (2019) 7 Cal.5th 270, 273–274.)

The issue here is one of statutory construction, which we review de novo.  (*Garcia*, *supra*, 47 Cal.App.5th 631.)  " ' "Our role in construing a statute is to ascertain the intent of the Legislature *so as to effectuate the purpose of the law*.  [Citation.]  Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves, giving them their usual and ordinary meaning.  [Citation.]  We do not, however, consider the statutory language in isolation, but rather examine the entire substance of the statute in order to determine the scope and purpose of the provision, construing its words in context and harmonizing its various parts.  [Citation.]"  [Citation.]' [Citations.]  ' "If the statutory language is unambiguous, then its plain meaning controls." '  [Citation.]  If, however, the language supports more than one reasonable construction, 'we look to other indicia of legislative intent, bearing in mind the admonition that "[t]he meaning of a statute may not be determined from

a single word or sentence" [citation] and that apparent "ambiguities often may be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes" [citation].' [Citation.] *'Essential is whether our interpretation, as well as the consequences flowing therefrom, advances the Legislature's intended purpose.'"* (*Garcia*, at pp. 643–644, italics added.)

### A. Overview of Section 859b

We begin with an overview of section 859b, which governs the time for preliminary hearings and a defendant's speedy hearing rights. The statute is divided into four paragraphs.

The first paragraph of section 859b provides, in relevant part: "At the time the defendant appears before the magistrate for arraignment, if the public offense is a felony to which the defendant has not pleaded guilty in accordance with Section 859a, the magistrate, immediately upon the appearance of counsel, or if none appears, after waiting a reasonable time therefor as provided in Section 859, shall set a time for the examination of the case and shall allow not less than two days, excluding Sundays and holidays, for the district attorney and the defendant to prepare for the examination." The provision calling for the magistrate to allow not less than two days for the parties' preparation has been said to be "directory" such that "a failure of compliance does not oust the magistrate of fundamental jurisdiction over the cause or the parties." (*People v. Castaneda* (1987) 190 Cal.App.3d 961, 966–967.)

The second paragraph continues: "Both the defendant and the [P]eople have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as

6

provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2."

With regard to defendants who are in custody, section 859b's third paragraph provides that "the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, plea, or reinstatement of criminal proceedings . . . , and the defendant has remained in custody for 10 or more court days solely on that complaint," unless either (1) the defendant personally waives the right to a preliminary examination within 10 days, or (2) the People establish good cause for a continuance beyond the 10-day period. "If the preliminary examination is set or continued beyond the 10-court-day period, the defendant shall be released pursuant to Section 1318"[2] unless an enumerated statutory exception applies. (§ 859b, subd. (b).)

Though the 10-court-day rule set out in the second paragraph of section 859b is seemingly mandatory, dismissal is not necessarily required when a preliminary hearing is not held within that time frame. "A contrary result would render nonsensical the requirements of paragraph three that a failure to provide a hearing within 10 court days leads to a dismissal only under certain stated conditions." (1 Simons, Cal. Preliminary Examinations and 995 Benchbook (2025 Edition) § 1.1.2 (Matthew Bender, Rev. Ed.) (Simons).) That said, the third paragraph does require dismissal if the defendant has remained in custody for the 10-court-day period solely on the complaint and has not personally waived time and there is no good cause for

---

[2] Section 1318 requires a defendant to file a signed release agreement before being released on his or her own recognizance.

7

the delay.  (*People v. Standish* (2006) 38 Cal.4th 858, 869 (*Standish*).)  But, if good cause is shown for postponement beyond the 10-court-day period, "a defendant who is in custody must be released on OR, as long as he or she agrees to be bound by reasonable conditions and to appear at future hearings as provided in section 1318."  (*Ibid.*)

Finally, and of principal concern in the present case, is the last paragraph of section 859b, which provides:  "The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings . . . , unless the defendant personally waives his or her right to a preliminary examination within the 60 days."  As with the 10-court-day period, the 60-day period is triggered by an arraignment or plea," 'whichever is later.' "  (*People v. Figueroa* (2017) 11 Cal.App.5th 665, 681, italics omitted.)

The California Supreme Court has described section 859b as "one of a number of statutes 'that are supplementary to and a construction of the constitutional right to a speedy trial.' "  (*Standish*, *supra*, 38 Cal.4th at p. 870.)  As the high court explains, the right to a speedy trial is guaranteed by the Due Process Clause of the Fourteenth Amendment and serves as " 'an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself.' "  (*People v. Williams* (2013) 58 Cal.4th 197, 232.)

**B. Section 859b's 60-Day Limit**

Whether the 60-day limit of section 859b restarts when there is an arraignment or plea on an amended complaint has been an unresolved issue for some time.  (*People v. Clark* (2016) 63 Cal.4th 522, 552 [declining to

8

address the "apparently still-undecided issue of California law" as to whether a not guilty plea to an amended complaint resets the 60-day period under section 859b]; *Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 724, fn. 3 (*Ramos*) [leaving for another day the question "whether an arraignment on an amended felony complaint starts a new 60-day period under section 859b"].)

We start our analysis by reviewing the language of section 859b. It has long been settled that "the plain language of section 859b's 60-day rule establishes the right to a preliminary hearing within 60 days of arraignment [or plea] is *absolute* absent a defendant's personal waiver." (*Ramos, supra*, 146 Cal.App.4th at p. 729, italics added; see *People v. Superior Court* (*Arnold*) (2021) 59 Cal.App.5th 923, 940; *Lacayo v. Superior Court* (2020) 56 Cal.App.5th 396, 400 (*Lacayo*); *Del Castillo v. Superior Court* (2019) 38 Cal.App.5th 1117, 1120 (*Del Castillo*); *Garcia, supra*, 47 Cal.App.5th at p. 645; *People v. Mackey* (1985) 176 Cal.App.3d 177, 183–184 (*Mackey*), superseded by statute on other grounds; accord *Standish, supra*, 38 Cal.4th at p. 886 [60 days is the "outer boundary" of the time to hold a preliminary hearing].)

In recognizing the absolute nature of this right, courts have highlighted the structure of the statute. Specifically, "[a]lthough section 859b includes a good-cause exception to the 10-court-day rule, there is no exception from the 60-day rule." (*Del Castillo, supra*, 38 Cal.App.5th at p. 1120.) We agree this is a critical difference, and one that plainly "indicates the Legislature did not intend a good-cause exception can apply to the 60-day rule." (*Ibid*.; see *Lacayo, supra*, 56 Cal.App.5th at p. 400 ["the 60-day rule is absolute and there is no good-cause exception to the rule"].)

9

Section 859b clearly contemplates that an arraignment or a plea on a complaint triggers the right to a preliminary hearing within 60 days, but the statute is silent as to whether an arraignment or a plea on an *amended* complaint triggers a restarting of the 60-day period. Given this ambiguity, we look to the historical development of section 859b for clues as to the Legislature's intent. (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 780.)

"Prior to 1970, there was no statutory time limit. A preliminary examination merely had to be held without unreasonable delay. [Citation.] In 1970, the Legislature added a specific time limit, providing that a defendant who was in custody at the time of his arraignment or plea had a right to a preliminary examination within 10 court days of such arraignment or plea. [Citation.] The time limit was further strengthened in 1977, when the Legislature rewrote the statute to specify that the district attorney, as well as the defendant, had a right to a speedy preliminary examination. The 10-court-day rule could be violated 'in no instance' where it was applicable." (*Landrum, supra*, 30 Cal.3d at p. 12.) As case law explained: "The 10-court-day rule in section 859b ' "manifest[s] a legislative policy to eliminate the possibility that persons charged with felonies might suffer prolonged incarceration without a judicial determination of probable cause merely because they are unable to post bond in order to gain their freedom." ' " (*Bullock v. Superior Court* (2020) 51 Cal.App.5th 134, 148.)

In 1980, the Legislature revisited section 859b. Among other things, "the section was amended to allow postponement beyond 10 days if the [People] established good cause for a continuance beyond the 10-day period." (*Mackey, supra*, 176 Cal.App.3d at p. 183.) As an apparent counterbalance to that amendment, the Legislature adopted a 60-day limit to ensure that

"despite good cause for postponement beyond 10 days, the matter cannot be postponed indefinitely." (*Mackey*, at p. 184; Legis. Counsel's Dig., Assem. Bill No. 2383 (1979–1980 Reg. Sess.) Stats. 1980, ch. 938.) By virtue of its enactment, the 60-day limit "[e]nsures that criminal cases are expeditiously moved through the courts." (*Mackey*, at p. 184.)

The Legislature's decision to omit a good cause exception to the 60-day rule, coupled with its focus on the expeditious processing of criminal cases through the courts, lead us to conclude that the 60-day period was enacted as a compulsory outer limit for holding a preliminary hearing after an arraignment or a plea whenever a defendant has not made the statutorily required personal waiver. That is, absent a personal waiver, when good cause to exceed the 10-court-day limit has been established, a preliminary hearing must still be held within 60 days of the arraignment or plea even if an amended complaint is subsequently filed before expiration of the 60 days.

In countering this construction, the People contend section 859b, by its terms, identifies only three events that trigger its time limits: arraignment, plea, and reinstatement of criminal proceedings. In the People's view, a new 60-day period begins to run when an arraignment or plea is necessitated by an amended complaint. We are not persuaded. Construing section 859b as permitting the restarting of the 60-day period for arraignments and pleas on amended complaints, even if limited to complaints containing material amendments, effectively creates a good cause exception to the 60-day limit where one was not legislatively authorized. (See *People v. Turner* (2023) 97 Cal.App.5th 568, 575 (*Turner*).) Such a construction—which may result in monthslong delay if even just one amended complaint is brought—appears directly at odds with the underlying purpose of the statute to protect a

11

defendant's right to a speedy preliminary hearing and to promote the expeditious processing of criminal cases through the courts.

Not only does our construction of section 859b better serve the Legislature's purpose in enacting the 60-day limit, but it more readily harmonizes with other related statutes than the People's construction. (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 955 (*State Dept. of Public Health*).) For instance, section 1009, which generally concerns amendments to accusatory pleadings, provides: "An indictment, accusation or information may be amended by the district attorney, and an amended complaint may be filed by the prosecuting attorney, without leave of court at any time before the defendant pleads or a demurrer to the original pleading is sustained. The court in which an action is pending may order or permit an amendment of an indictment, accusation or information, or the filing of an amended complaint, for any defect or insufficiency, at any stage of the proceedings, or if the defect in an indictment or information be one that cannot be remedied by amendment, may order the case submitted to the same or another grand jury, or a new information to be filed. *The defendant shall be required to plead to such amendment or amended pleading forthwith, or, at the time fixed for pleading, if the defendant has not yet pleaded and the trial or other proceeding shall continue as if the pleading had been originally filed as amended*, unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable postponement, not longer than the ends of justice require, may be granted." (Italics added.)

In cases where an amended complaint is filed and a defendant pleads either immediately or at the time fixed for pleading, then under our construction of section 859b the "other proceeding" (i.e., a preliminary hearing) will—as section 1009 contemplates—continue to occur as if the

12

defendant's amended pleading had been "originally filed as amended," without resetting the 60-day clock, and thereby remain subject to 60-day rule. But that would not be the case under the People's construction. Because the People's construction literally reads that clause out of the statute, it should be avoided. (*State Dept. of Public Health*, *supra*, 60 Cal.4th at p. 955.)

In attempting to downplay this implication of their construction, the People contend section 1009 solely concerns amendments to complaints and does not address the time limits in section 859b. We are not convinced.

Though section 1009 addresses amendments to complaints, we reiterate that the statute explicitly requires defendants to "*plead* to such amendment or amended pleading *forthwith*, or, at the time fixed for pleading, . . . *and the* trial or *other proceeding shall continue as if the pleading had been originally filed as amended*." (Italics added.) Indeed, "whenever an accusatory pleading is amended, the defendant should be arraigned on the amended pleading and asked to enter a plea to that new pleading." (*Garcia*, *supra*, 47 Cal.App.5th at p. 647, and cases cited.) But arraignment and entry of a plea to an amended complaint are exactly what—in the People's view— trigger the restarting of the 60-day period in section 859b. So while section 1009 does not mention the time limits in section 859b, the statute nonetheless indicates that a preliminary hearing should proceed as if the defendant's pleading had been originally filed as amended.[3]

---

[3] With regard to section 1009, the People also assert: "One can imagine a counterfactual scenario, in which a defendant waives time for arraignment, does not enter a plea to a First Amended Felony Complaint, waives any claim that the amendment prejudices his substantial rights (and therefore does not request a reasonable postponement). In that scenario, section 1009 . . . would allow the People to introduce sufficient evidence to support the amended charges and allegations (i.e., for the preliminary hearing to proceed on the First Amended Felony Complaint 'as if the pleading had been originally filed as Amended'), while the defendant could maintain his original statutory last

13

The People also contend that *Garcia, supra*, 47 Cal.App.5th 631, supports their position that an arraignment and plea on an amended complaint triggers the restarting of section 859b time limits. In *Garcia*, an in-custody defendant was charged with various crimes, mainly sexual offenses. He was arraigned and pled not guilty to the charges in the original complaint and waived his section 859b right to a preliminary examination within 10 court days. (*Garcia*, at pp. 636–637.) The People subsequently filed an amended complaint adding three new counts of possession of child pornography. (*Id.* at p. 638.) At the arraignment on the amended complaint, the defendant pled not guilty but did not waive time, though he later agreed to a limited time waiver so that the preliminary hearing would be on August 23, 2019. (*Ibid.*) Thereafter, however, the preliminary hearing was continued to September 26, 2019. (*Id.* at p. 641.) On September 25, the defendant moved to dismiss, alleging a violation of section 859b's 10-court-day limit. (*Garcia*, at p. 641.) After the court denied the motion to dismiss, the defendant sought writ relief. (*Id.* at pp. 642–643.)

The Court of Appeal in *Garcia* framed the issue as follows: "Does an in-custody defendant's arraignment and plea on an amended complaint trigger a new 10-day period for holding a preliminary hearing under section 859b, thus mandating dismissal of the amended complaint unless the defendant personally waives that new 10-day time limit or the prosecution shows good cause for a continuance?" (*Garcia, supra*, 47 Cal.App.5th at p. 646.) The court concluded, "based on the plain language of section 859b, the legislative

---

days for preliminary hearing. [Citation.] But, of course, that is not what occurred here; [Mendoza] was arraigned and entered pleas to the First Amended Felony Complaint, placing the analysis squarely under the plain text section 859b."

It is unclear what point the People are trying to make. Because this hypothetical situation is not before us, we need not address this.

14

purpose of the statute, and relevant case law," that the arraignment and plea on the amended complaint was a "triggering event" under section 859b, such that the preliminary hearing had to be held within 10 court days of that arraignment and plea unless the defendant personally waived the time limit or the People established good cause for a continuance. (*Garcia*, at p. 646.)

The People emphasize the *Garcia* court's holding that the arraignment and plea is the "triggering event" under section 859b. But the facts in *Garcia* were markedly different from those here because the defendant had waived time under section 859b when pleading to the original complaint. That the holding in *Garcia* was driven by the fact of the defendant's initial waiver is evidenced by the court's discussion of the relevant purposes of the statute— i.e., to supplement the constitutional right to a speedy trial and " 'prevent prolonged incarceration prior to a preliminary hearing.' " More specifically, the court reasoned that "if an arraignment under section 859b means only an arraignment on the original complaint, then a defendant could enter a personal time waiver at that first arraignment with bail having been set, and later be placed on a no-bail hold as a result of a second arraignment on an amended complaint that *added more serious charges.* The defendant would then be subject to prolonged incarceration *with no statutory mechanism for asserting his or her right to a timely preliminary hearing.*" (*Garcia, supra,* 47 Cal.App.5th at p. 648, italics added.)

Although *Garcia* at times framed its decision as one of statutory interpretation, we view its analysis as essentially turning on principles of due process and fundamental fairness. *Garcia* addressed the situation where a defendant had waived his statutory speedy hearing rights in reliance on the People's original pleading, and the decision concluded such rights must be restored after the People substantially changed the nature of the criminal

15

action.  The situation bears some similarity to that of a defendant who enters into a plea agreement with the People that is later rightfully rescinded, such that the defendant must be returned to the status quo ante.  (Cf. *People v. Scheller* (2006) 136 Cal.App.4th 1143, 1152; *People v. Superior Court* (*Garcia*) (1982) 131 Cal.App.3d 256, 257.)

Thus, we take no issue with *Garcia*'s ultimate conclusion that, in cases where a defendant initially waives the time limits in section 859b, and the People thereafter file an amended complaint, the statutory time periods are reset and the defendant is entitled to demand that the preliminary hearing occur within 10 court days from the arraignment or plea on the amended complaint.  As explained, principles of due process and fundamental fairness demand as much.  But we respectfully decline to adopt *Garcia*'s analysis to the extent it can be read as concluding, *as a matter of statutory construction*, that despite a defendant's assertion of the right to a speedy preliminary hearing, an arraignment or plea that is necessitated by an amended complaint is a triggering event under section 859b that categorically restarts a new 60-day period for holding the hearing.  Indeed, such a construction is at odds with the language, structure, and legislative history of the statute, as well as case law describing the right to a preliminary hearing within 60 days of arraignment or plea as absolute.

The People argue that limiting *Garcia's* application to defendants who initially waived time would produce absurd results, namely, that it would result in "multiple sets [of] statutory deadlines:  a set of deadlines for charges included on the initial charging instrument and a second set of deadlines for charges added by the amended charging instrument."  Not so.  The interpretation we adopt today simply means that in cases where a defendant

16

did not waive section 859b's 60-day limit, the 60-day period for all charges would be calculated from the arraignment or plea on the *original* complaint.

The People also assert, though only in passing, that their construction could be limited to situations where the arraignment or plea is to an amended complaint that adds a "substantive" charge. But this gloss on their proposed interpretation finds no support in the language of section 859b and is unaccompanied by a developed argument defining (or even attempting to define) what constitutes a substantive charge. Nor is there any explanation of whether such a limitation serves policy interests that outweigh the policy objectives underlying a defendant's right to a speedy hearing. At least based on this record and the briefing before us, we are unpersuaded that the undefined concept of a substantive charge provides an adequate bulwark for the right to a speedy preliminary hearing. (Cf. Simons, *supra*, § 1.1.13.)

Finally, we note our construction of section 859b aligns with other related statutes in safeguarding the right to a speedy trial and prompt judicial processing of criminal cases. Section 1387, which serves to "prevent[] the evasion of speedy trial rights through the repeated dismissal and refiling of the same charges" (*People v. Aguilar-Jimenez* (2023) 95 Cal.App.5th 561, 567) sets out the " 'two-dismissal' rule." (*Berardi v. Superior Court* (2008) 160 Cal.App.4th 210, 218.) Under that rule, the People generally have one opportunity to refile felony charges following dismissal under various statutes, including section 859b: "An order terminating an action pursuant to . . . Section 859b . . . is a bar to any other prosecution for the same offense if it is a felony or if it is a misdemeanor charged together with a felony and the action has been previously terminated pursuant to . . . Section 859b." (§ 1387, subd. (a); see *Barron v. Superior Court* (2023) 90 Cal.App.5th 628, 635.)

17

Not only are the People given a second chance to refile charges if a felony action is dismissed pursuant to section 859b, but the two-dismissal rule is tempered by a number of exceptions.  (*People v. Superior Court (Martinez)* (1993) 19 Cal.App.4th 738, 743–744.)  For instance, there is no bar to further prosecution where, subsequent to the dismissal, a judge or magistrate finds "[t]hat substantial new evidence has been discovered by the prosecution that would not have been known through the exercise of due diligence at, or prior to, the time of termination of the action."  (§ 1387, subd. (a)(1).)  Moreover, "[a]n order terminating an action is not a bar to prosecution if a complaint is dismissed before the commencement of a preliminary hearing in favor of an indictment filed pursuant to Section 944 and the indictment is based upon the same subject matter as charged in the dismissed complaint, information, or indictment.  [¶] However, if the previous termination was pursuant to Section 859b . . . , the subsequent order terminating an action is not a bar to prosecution if:  [¶] (1) Good cause is shown why the preliminary examination was not held within 60 days from the date of arraignment or plea."  (§ 1387, subd. (c)(1).)[4]

---

[4]    Section 1387, subdivision (c)(1), cannot reasonably be understood as a good cause exception to section 859b's requirement of a dismissal when the 60-day limit is violated.  Though section 1387, subdivision (c)(1), was adopted in 1981 (Stats. 1981, ch. 854, § 4), subsequent case law viewed such exception to the two-dismissal rule as distinct from the mandatory dismissal provisions of section 859b.  As one court explained under analogous circumstances, even though a trial court "has no discretion to do anything but dismiss the case if the 60-day deadline has not been met, regardless of why it was not met," the circumstance "that the first dismissal was compelled by section 859b does not mean that it did not result from excusable neglect" for purposes of section 1387.1.  (*Turner, supra,* at pp. 575–576; see *Standish, supra,* 38 Cal.4th at pp. 881–882, 886 ["when the prosecution is unable to proceed within the statutory period, it has the option of seeking to dismiss the complaint and refiling immediately" pursuant to sections 1387 and 1387.1]; but see *Mackey, supra,* 176 Cal.App.3d at p. 183 [viewing section 1387, subdivision (a), as

Beyond section 1387, section 1387.1 provides another exception to the two-dismissal rule in cases involving violent felonies: "(a) Where an offense is a violent felony, as defined in Section 667.5 and the prosecution has had two prior dismissals, as defined in Section 1387, the [P]eople shall be permitted one additional opportunity to refile charges where either of the prior dismissals under Section 1387 were due solely to excusable neglect. In no case shall the additional refiling of charges provided under this section be permitted where the conduct of the prosecution amounted to bad faith. [¶] (b) As used in this section, 'excusable neglect' includes, but is not limited to, error on the part of the court, prosecution, law enforcement agency, or witnesses."

When sections 1387 and 1387.1 are considered together with section 859b, it is evident that the Legislature has carefully crafted a scheme that guards against the use of dismissals and refiling to frustrate a defendant's right to a speedy preliminary hearing while ensuring that justice may be done by not unduly penalizing the People for certain circumstances that lead to a dismissal under section 859b. In declining to read section 859b in a manner that allows the People to avoid a dismissal altogether by filing amended complaints that operate to restart the 60-day period, we believe our construction best preserves the balance of this scheme.

In closing, we observe a rule requiring dismissals for violations of the 60-day limit in cases like the one here should not be problematic. The People can and should be prepared to put on evidence establishing probable cause for all the allegations in the amended complaint at a preliminary hearing

indicating a preliminary hearing "may be extended beyond the 60-day period only for good cause."].) Consequently, even though a complaint must be dismissed where good cause might otherwise support a delay beyond 60 days, it appears such a dismissal "does not count as one of the two dismissals" under section 1387. (Simons, *supra*, § 1.1.11.)

19

within the original 60-day period.  And if the defense is unprepared or unable to proceed with the preliminary hearing by the 60th day, the defendant may request a "reasonable postponement" (§ 1009) and enter a limited time waiver (see *Favor v. Superior Court* (2021) 59 Cal.App.5th 984, 990) or may make a general waiver.

## DISPOSITION

The petition for writ of mandate or prohibition is dismissed as moot.

_____
Fujisaki, J.

WE CONCUR:

_____
Tucher, P.J.

_____
Petrou, J.

20

Trial Court:       San Francisco City & County Superior Court

Trial Judge:      Hon. Alexandra Robert Gordon

Counsel:          Law Offices of Silas KC Geneson, Silas Geneson, for
                     Petitioner

                No appearance, for Respondent

                Brooke Jenkins, District Attorney, Nicholas J. Hunt,
                     Assistant District Attorney, Robert M. Perkins, III,
                     Assistant District Attorney for Real Party in Interest.

*Mendoza v. Superior Court* (A173171)

21